IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE A. ROMAN, | CASE NO. 3:11-CV-2096 |
| Plaintiff, | JUDGE JACK ZOUHARY |
| v. | MAGISTRATE JUDGE MCHARGH |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

I. INTRODUCTION & PROCEDURAL BACKGROUND

This case is before the Magistrate Judge pursuant to Local Rule 72.2(b). On October 3, 2011, Jose A. Roman ("Plaintiff") filed the Complaint in the instant action seeking to appeal the Social Security Administration's denial of his application for benefits. (Doc. 1). Plaintiff, *pro se,* challenges the final decision of the Administrative Law Judge, finding that the Plaintiff was not disabled under the Social Security Act.

Pursuant to the Court's Initial Order, (Doc. 5), the Defendant was to file its answer and the transcript of the underlying administrative proceedings no later than three (3) months from the date of the filing of the Complaint. On January 10, 2012, the Defendant filed a motion for extension of time to answer. (Doc. 9). The Court granted the Defendant's motion, making the Defendant's answer and transcript due on February 10, 2012. (Doc. 10). On February 10, 2012, the Defendant filed a second motion for extension of time to file its answer and transcript of the administrative proceedings. (Doc. 11). The Defendant indicated that the Plaintiff had not initially provided his full social security number until February 9, 2012, making it difficult to locate, prepare and deliver the transcript within the allotted time. (Doc. 11). Therefore, the

Defendant asked the Court to provide it with additional time to secure these documents. (Doc. 11). The Court granted the Defendant's request and extended the deadline to March 12, 2012.

The Defendant filed its answer on March 7, 2012, and indicated in its certificate of service that both the answer and transcript were mailed to the Plaintiff's address. (Doc. 12). Pursuant to the Court's Initial Order, the Plaintiff's brief would have been due thirty (30) days after the filing of the answer and the transcript. On April 12, 2012, the Court noticed that the Plaintiff had not filed his brief within the time prescribed. Upon investigating the matter, the Court noticed the docket did not reflect that the Defendant had filed a copy of the transcript. Therefore, on April 12, 2012, the Court directed the Defendant to immediately file the transcript and confirm whether the transcript had been mailed to the Plaintiff, as indicated in its certificate of service attached to its answer. (Doc. 13). On that same date, the Defendant filed an electronic copy of the transcript, (Doc. 15), and verified that the transcript had been mailed to the Plaintiff on March 7, 2012.

Out of an abundance of caution and recognizing that the Plaintiff was proceeding *pro se*, the Court granted the Plaintiff thirty (30) additional days in which to file his brief. (Doc. 16). Thus, the Plaintiff's brief was due on May 14, 2012. (Doc. 16). But, to date, the Plaintiff still has not filed his brief.

## II. ANALYSIS

The court may dismiss a case if a plaintiff fails to prosecute its case, or fails to comply with the Federal Rules of Civil Procedure or with the court's orders. Fed. R. Civ. P. 41(b). While the language of Rule 41(b) only explicitly references motions by the defendant, it was not the purpose of the Rule, "to abrogate the power of the courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness

of the parties seeking relief." *Link v. Wabash R. Co.,* 370 U.S. 626, 630 (1962). This measure is available to the district courts "as a tool to effect management of its docket and [to] avoid[] unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 736 (6th Cir. 2008) (*quoting Knoll v. AT &T,* 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link,* 370 U.S. at 629.

The Sixth Circuit announced four factors for a district court to consider when dismissing a case for failure to prosecute under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll,* 176 F.3d at 363. Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). (finding that p*ro se* litigants are not to be accorded with any special consideration when they fail to adhere to readily-comprehended court deadlines).

Considering the first factor for dismissal for failure to prosecute, the Plaintiff was given two opportunities to submit his brief. On April 12, 2012, the Defendant submitted the declaration of Marsha Treacey, (Doc. 14-1), attesting that the administrative record was mailed to the Plaintiff's address on March 7, 2012. Based upon this assertion, the Plaintiff could have adhered to the Court's Initial Order and submitted his brief within thirty (30) days of the filing of the answer and transcript. However, the Plaintiff did not file anything. As a precautionary

measure and without a motion from the Plaintiff, the Court extended the period in which the Plaintiff was to submit his brief to May 14, 2012, due to the Defendant's failure to file the transcript with its answer. (Doc. 16). The Plaintiff failed to meet this deadline as well. It is the Plaintiff's responsibility to pursue his claim and the fact that he has not done so weighs against him.

Considering the second factor, a defendant cannot be expected to invest time, resources and expenses to defend a case that a plaintiff may have abandoned. While there is no identifiable prejudice to the Defendant at this point, dismissal is proper based on the Court's consideration of the other three factors. Considering the third and fourth factors, the Court warned the Plaintiff in its previous Order that the failure to file his brief by May 14, 2012, could result in the undersigned recommending dismissal of the case. (Doc. 16). Although dismissal is severe, it may be appropriate when "no alternative sanction would protect the integrity of pre-trial procedures." *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980). The Plaintiff's failure to participate in this case since filing his Complaint leaves the undersigned no utility in considering or imposing a lesser sanction. Because of the Plaintiff's failure to submit his brief by the extended deadline, the Court recommends that the Complaint be dismissed.

### III. DECISION

For the reasons set forth above, the Court recommends the Complaint, (Doc. 1), be DISMISSED.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: May 18, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *See also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).